**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Crim. ID No. 2201006828 |
| | ) | |
| IMANI OAKLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: January 18, 2023
Decided: January 30, 2023

**AND NOW TO WIT,** this 30th day of January 2023, upon consideration of Imani Oakley ("Defendant")'s Motion to Transfer his charges to Family Court, the parties' submissions, oral argument, and the record in this case, it appears to the Court that:

1.      Until recently, Defendant has been deemed not competent to stand trial in both Family and Superior Courts.  His mental age is that of a 10-year-old with a pro-social age of 12 or 13.[1]  Yet, he is 19 years and 5 months old.  He entered the juvenile justice system at age 17 and has been detained since October of 2020 on two separate sets of charges.  The first set involved robbery and firearm charges that

---

[1] Testimony of Laura Cooney-Koss, Psy.D. (Jan. 18, 2023).

were sent back to the Family Court after this Court determined Defendant was amenable to the services of the juvenile justice system, in large part due to his competency status.[2]

2. On May 9, 2022, a Superior Court grand jury indicted Defendant for one count of Rape Second Degree.[3] This charge—brought over two years after the criminal conduct is alleged to have occurred—involve allegations of a sexual assault that took place between Defendant (when he was seventeen years old), and his then fourteen-year-old cousin.

3. On August 17, 2022, the State filed a Motion to Restore Competency under 11 *Del. C.* § 404.[4] On August 19, 2022, Defendant requested a consolidated hearing to determine whether the State has made out a *prima facie* case against Defendant, pursuant to 10 *Del. C.* § 1011 and 11 *Del. C.* § 404.[5]

4. On September 23, 2022, this Court held a *prima facie* hearing (Part I of the bifurcated reverse amenability hearing) and ruled that the State had established a *prima facie* case against Defendant for Rape Second Degree. Part II was deferred pending competency restoration efforts.

---

[2] Crim. Id. 2010012297, D.I. 23.

[3] D.I. 1.

[4] D.I. 11.

[5] D.I. 12. In a separate case, a Motion for Competency Evaluation of Defendant was filed with this Court on November 4, 2021, and, that same day, this Court ordered a competency evaluation. *State v. Oakley*, Crim. ID No. 2010012297, D.I. 10, D.I 11. The resulting report, filed on February 8, 2022, stated Defendant was not competent to stand trial. Crim. ID No. 2010012297, D.I. 15.

5.     On December 7, 2022, Defendant's expert, Laura Cooney-Koss, Psy. D.'s submitted a psychological evaluation report,[6] and opined Defendant was competent to stand trial in both Family and Superior Courts.[7] At the State's request, Defendant underwent another evaluation to avoid inconsistencies with his competency status in Family Court. On December 16, 2022, Dr. Amy Iannetta,[8] concurred that Defendant is also now competent to stand trial in Family Court.[9] Accordingly, on January 18, 2023, this Court held Part II of the reverse amenability hearing to determine whether Defendant is amenable to the rehabilitative processes of the Family Court under 10 *Del. C.* 1011(b).[10]

6.     The Court determines that the first factor weighs against transfer.[11] The charges are serious and Defendant's competency status results in zero adjudications. Yet, pending charges remain in Family Court in addition to his robbery and firearm

---

[6] Psychological Evaluation by Laura Cooney-Koss, Psy.D. (Nov. 25, 2022) [hereinafter Psychological Evaluation II].

[7] Psychological Evaluation II, at 31.

[8] The evaluation was conducted by the Division of Prevention and Behavioral Health Services for the Department of Services for Children Youth &Their Families.

[9] DSCYF's Competency Evaluation by Amy Diehl Iannetta, Psy.D. (Dec. 15, 2022), at 10.

[10] 10 *Del. C.* § 1011(b) ("[At the reverse amenability hearing, the Superior Court] may consider evidence as to the following factors and such other factors which, in the judgment of the Court are deemed relevant: (1) The nature of the present offense and the extent and nature of the defendant's prior record, if any; (2) The nature of past treatment and rehabilitative efforts and the nature of the defendant's response thereto, if any; and (3) Whether the interests of society and the defendant would be best served by trial in the Family Court or in the Superior Court.").

[11] The first factor is "[t]he nature of the present offense and the extent and nature of the defendant's prior record, if any." 10 *Del. C.* § 1011(b)(1).

charges.[12]

7. Most significantly, due to his age, any services in the Family Court are limited to community supervision without Level IV or V placements. These limitations are especially weighty considering the most recent developments that occurred upon Defendant's release to pre-trial supervision. Within six days of being home, reports of possible drug use—albeit yielding negative results—demonstrate that Defendant may be self-medicating.[13] More troubling is that on January 24, 2023, a video was made available to the Court wherein Defendant is brandishing two firearms in what he described as "props."[14] Where the Family Court lacks the ability to impose harsher sanctions for potential non-compliance,[15] this factor weighs against transfer.

8. The second factor also weighs against transfer.[16] Master Family

---

[12] On October 29, 2020, Defendant was arrested on charges of Assault First Degree, four counts of Possession of a Firearm During the Commission of a Felony, two counts of Robbery First Degree, Possession, Purchase, Own or Control of Firearm by Prohibited Juvenile, Reckless Endangering First Degree and Conspiracy Second Degree. DSCYF's Reverse Amenability Report by Jennifer Wilson (Oct. 25, 2021), at 3. Defendant was also arrested on charges of Criminal Trespassing Second Degree, Conspiracy Third Degree, Resisting Arrest, and Criminal Mischief Under $1,000 on March 8, 2020, and on charges of Resisting Arrest and Criminal Mischief under $2,000 on October 21, 2020. DSCYF's Reverse Amenability Report by Jennifer Wilson (Oct. 25, 2021), at 2.

[13] *See* Department of Correction's Pretrial Progress Report by Maria A Rizzo, at 2 (Jan. 17, 2023).

[14] E-mail from Nichole Whetham Warner, Esquire, DAG, to the Court (Jan. 24, 2023, 06:02 p.m. EST).

[15] The State confirmed that Defendant's conduct was not considered a violation of his pre-trial supervision in either court. Bail modifications have since been made by this Court.

[16] The second factor is "[t]he nature of past treatment and rehabilitative efforts and the nature of the defendant's response thereto, if any." 10 *Del. C.* § 1011(b)(2).

Service Specialist Jennifer Wilson testified that Defendant responded well while at both New Castle County and the Stevenson House Detention Centers. He earned and kept the highest "Society" (gold status) shirt. And despite his significant intellectual deficits, he graduated from high school and obtained his high school degree while at Stevenson. Through learning, he also managed to successfully complete the Family Court competency modules that now place his pending cases back on track for disposition.

9.    Yet, YRS representative testified that they are not able to provide any residential services to Defendant due to his age. They can provide only community services until August 25, 2024. YRS also testified that services cannot be provided beyond his 21st birthday and no placements can be made at this time. For the reasons stated, his charges should remain here where Defendant can continue to obtain services and continue his treatment plan without interruption.

10.    The third factor also weighs against transfer.[17] Dr. Cooney-Koss testified that it is in Defendant's best interest to receive treatment in Family Court. She opined that Defendant's sexual misconduct was "adolescent in nature" and not arising out of a desire to harm someone or to attract minors.[18] Further, she testified that Defendant's PROFESOR (Protective + Risk Observations for Eliminating

---

[17] The third factor is "[w]hether the interests of society and the defendant would be best served by trial in the Family Court or in the Superior Court." 10 *Del. C.* § 1011(b)(3).
[18] Psychological Evaluation II, at 31.

Sexual Offense Recidivism) falls into "Predominantly Balanced," where ISB (inappropriate sexual behavior) is the recommended treatment for adolescents who fall into this category.[19] Though it may be in Defendant's best interest to transfer him to Family Court, ISB is also available in the adult system.

11. Defendant is charged with violent offenses in two courts. Higher supervision, if necessary, is only available in this Court. Given the recent concerns with Defendant's conduct while on pre-trial supervision, it is in society's best interests to ensure that all levels of supervision are available, if needed, to address his adult choices.

12. For the reasons stated above, Defendant's Motion to Transfer Charges to Family Court is **DENIED.**

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla

oc: Prothonotary
cc: Nichole Whetham Warner, Esquire, DAG
     F. Phillip Renzulli, Esquire

---

[19] Testimony of Laura Cooney-Koss, Psy.D. (Jan. 18, 2023).